| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br><br>Address:   270 S. Tejon St.,<br>          Colorado Springs, CO 80903<br>Telephone: (719) 452-5000 | DATE FILED: September 20, 2022 5:09 PM<br>FILING ID: 604C0E753E273<br>CASE NUMBER: 2022CV31634 |
| **Plaintiff:** DANIEL COLVARD,<br><br>v.<br><br>**Defendant:** COSTCO WHOLESALE CORPORATION. | |
| | ▲ **COURT USE ONLY** ▲ |
| Attorneys for Plaintiff:<br>Name(s):      Cristin Bordelon Esq., # 52238<br>              David E. McDivitt, Esq. #38286<br>Firm:         McDivitt Law Firm, PC<br>Address:      19 E. Cimarron Street<br>              Colorado Springs, CO 80903<br>Phone Number: 719-471-3700<br>Fax Number:   719-471-9782<br>E-Mail Address: cbordelon@mcdivittlaw.com | Case Number:<br><br>Div:           Ctrm: |
| **CIVIL COMPLAINT** | |

COMES NOW the Plaintiff, Daniel Colvard (hereinafter ***Plaintiff***), by and through his attorney, MCDIVITT LAW FIRM, P.C. for his Complaint against the Defendant and hereby states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff is a resident of Colorado with an address of 13056 Rock Rabbit Court, Colorado Springs, CO 80921.

2. Upon information and belief, Plaintiff alleges that Costco Wholesale Corporation (hereinafter referred to as "Costco") is a foreign corporation licensed to do business in Colorado with a principal place of business of 999 Lake Dr., Issaquah, WA 98027.

3. Defendant Costco's registered agent is CT Corporation System, 7700 E. Arapahoe Rd., Ste. 200, Centennial, CO 80012.

4. All the incidents giving rise to Plaintiff's claim, known or unknown, occurred within the City of Colorado Springs, County of El Paso, State of Colorado.

5. Upon information and belief, Plaintiff alleges that all actions or omissions of Defendant which give rise to this claim occurred in the city of Colorado Springs, county of El Paso, state of Colorado. As such, pursuant to *Colorado Rules of Civil Procedure* (C.R.C.P.) 98(c)(5), venue is proper in El Paso County.

## FACTUAL ALLEGATIONS

6. On January 2, 2022 at approximately 10:30 a.m., Plaintiff Daniel Colvard arrived on the premises of Costco, located at 5050 North Nevada Ave., Colorado Springs, CO 80918 (hereinafter "the premises").

7. Plaintiff was an invitee at Costco, located at 5050 North Nevada Ave., Colorado Springs, CO 80918.

8. There was residual snow melting around the Costco parking lot on January 2, 2022 from a snow storm the day before.

9. Plaintiff walked through the first set of entrance doors into Costco.

10. Plaintiff stepped off a black mat after entering through the first set of entrance doors.

11. Immediately after, Plaintiff slipped in standing water on the concrete floor between the first set of entrance doors and the second set of entrance doors.

12. Plaintiff put his right hand down to break his fall.

13. The force of the fall absorbed into Plaintiff's right wrist, elbow, and shoulder.

14. Plaintiff's pants and pullover jacket were wet on the right side.

15. After the fall, Costco employees placed yellow signs to warn of the accumulated water on the floor.

16. At all times alleged herein, the subject premises was not properly maintained.

17. Defendant knew, or should have known, that water and/or snow melt accumulated at the entrance of the premises during the winter months and after a snowstorm.

18. Despite this knowledge, Defendant failed to ensure water and/or snow melt was removed from the premises, or to warn of the presence of water and/or snow melt in the entryway.

19. Upon information and belief, Defendant knew of the accumulated water and/or snow melt in the entryway of the premises.

20. Upon information and belief, Defendant therefore had actual knowledge of the danger created by the improperly maintained premises.

21. Upon information and belief, multiple greeters at Costco informed Plaintiff that people slip at the entryway frequently.

22. Upon information and belief, Defendant Costco individually and/or by and through its agents and/or employees, owned and/or professionally managed the premises at all times relevant herein.

23. At all pertinent times, the subject premises was under the care, custody, and control of the Defendant.

24. At all times alleged herein Defendant owed a duty to invitees to use reasonable care to protect against known dangers on the property.

## FIRST CLAIM FOR RELIEF
## PREMISES LIABILITY

25. Plaintiff hereby adopts and incorporates by reference the above paragraphs as if fully set forth herein.

26. At the time of the incident, Defendant Costco was a "landowner" of the subject premises within the meaning of the Colorado Premises Liability Act, C.R.S. 13-21-115.

27. At all pertinent times, Plaintiff was an invitee within the meaning of the Colorado Premises Liability Act, C.R.S. §13-21-115.

28. As landowner of the subject premises wherein the alleged incident complained of occurred, Defendant owed a duty to Plaintiff to provide him with safe premises without dangerous conditions and to properly warn and protect him from any dangers of which Defendant knew, pursuant to C.R.S. § 13-21-115.

29. The accumulated water and/or snow melt in the entryway of the premises was a dangerous condition.

30. Defendant breached its duty to Plaintiff because it created a dangerous condition by maintaining the premises, by and through its agents and/or employees, in such a fashion as to allow the accumulation of water and/or snow melt in the entryway of the premises, without reasonable efforts to protect against and prevent said danger.

31. Defendant failed to maintain the subject premises in a safe manner.

32. Defendant failed to properly warn and use reasonable care to protect against a dangerous condition of which it knew or should have known.

33. Defendant is legally responsible for the condition of the premises.

34. As a direct result of Defendant's breach of duties herein, Plaintiff was seriously injured.

35. As a further result of Defendant's breach of its duties, Plaintiff has suffered in the past and may suffer in the future, economic and non-economic injuries and losses including, but not limited to, medical and other health-care expenses, loss of earnings and earnings capacity, pain and suffering, loss of the enjoyment of life, emotional stress and distress, loss of capacity to perform household work, inconvenience, impairment and disability.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE

36. Plaintiff hereby adopts and incorporates by reference the above paragraphs as if fully set forth herein.

37. Upon information and belief, Defendant is responsible for maintaining the premises in a safe manner.

38. Defendant therefore owed a duty to Plaintiff to provide a safe premise without dangerous conditions and to properly warn and protect him from any dangers of which Defendant knew or should have known.

39. The accumulated water and/or snow melt in the entryway of the premises was a dangerous condition.

40. Defendant breached its duty to Plaintiff because it created a dangerous condition by maintaining the premises, by and through its agents and/or employees, in such a fashion as to allow the accumulation of water and/or snow melt in the entryway of the premises, without reasonable efforts to protect against and prevent said danger.

41. Defendant failed to properly warn and use reasonable care to protect against a dangerous condition of which they knew or should have known.

42. As a direct result of Defendant's breach of duties herein, Plaintiff was seriously injured.

43. As a further result of Defendant's breach of its duties, Plaintiff has suffered in the past and may suffer in the future, economic and non-economic injuries and losses including, but not limited to, medical and other health-care expenses, loss of earnings and earnings

capacity, pain and suffering, loss of the enjoyment of life, emotional stress and distress, loss of capacity to perform household work, inconvenience, impairment and disability.

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for all reasonable compensatory damages allowed by law, both economic and non-economic, costs, expert witness fees, all interest allowable by law calculated at a compound rate, prejudgment interest, and such further relief as the Court finds appropriate.

Respectfully submitted, this 20th day of September 2022.

McDivitt Law Firm, PC

*/s/ Bordelon*

Cristin Bordelon Esq., # 52238
David E. McDivitt, Esq. #38286
Attorneys for the Plaintiff